UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JERRY P. SMITH, JR. | * | CIVIL ACTION |
| VERSUS | * | NO: 05-6424 |
| DIAMOND OFFSHORE DRILLING, INC. | * | SECTION: "D"(2) |

## ORDER AND REASONS

Before the court is the **"Motion for Summary Judgment on the Issue of Vicarious Liability"** filed by Defendant, Diamond Offshore Management Company. Plaintiff, Jerry P. Smith, Jr., filed a memorandum in opposition. The motion, set for hearing on Wednesday, November 22, 2006, is before the court on briefs, without oral argument. Now, having considered the memoranda of counsel, the record, and the applicable law, the court finds that the motion should be denied.

On January 27, 2005, Plaintiff allegedly sustained a back injury while working aboard Defendant's offshore drilling rig, the OCEAN CRUSADER. On January 27, 2005, through Defendant's referral, Plaintiff was seen by Dr. Brian Bourgeois at the Occupation Medicine Center at West Jefferson Hospital. Dr. Bourgeois

diagnosed a muscle strain and released Plaintiff to return to work. Plaintiff allegedly went back to work and days later, he allegedly felt numbness and tingling in his leg.  On February 2, 2005, Plaintiff returned to see Dr. Bourgeois, who examined Plaintiff again and continued to treat Plaintiff's injury as a back strain. However, Dr. Bourgeois prescribed pain medication and a muscle relaxant, and he put Plaintiff on light duty work status. Plaintiff was also advised to go home and rest for two weeks.

When Plaintiff got home in Mississippi, his pain became "progressively worse."  He went to the emergency room and on February 8, 2005, he saw Dr. J. Patrick Barrett (an orthopedic surgeon) in Jackson Mississippi.  Dr. Barrett conducted a neurological examination of Plaintiff, ordered an MRI, and diagnosed Plaintiff with a ruptured disc and performed surgery a week and a half later.  The surgery was apparently successful.

In the instant motion, Diamond Offshore concedes that as a matter of law a vessel owner can breach the duty to provide adequate medical care through the vessel owner's vicarious liability for the malpractice of the doctor it chooses. (Defendant's Memo. at p. 10).  However, Diamond argues that under the facts of this case, it cannot be held vicariously liable for the alleged medical malpractice of Dr. Bourgeois, who Plaintiff was referred to while aboard Diamond's rig because there is no evidence

that Dr. Bourgeois committed any act of negligence or malpractice. In support of this argument, Diamond has attached to its memorandum excerpts of Plaintiff's deposition, Dr. Bourgeois' deposition, Dr. Barrett's deposition and the Affidavit of Dr. Christopher Cenac (an orthopedic surgeon).

In opposition to Defendant's motion, Plaintiff has submitted the Affidavit of Dr. William W. Alden (a doctor in occupational and physical medicine and rehabilitation and sports medicine), whose testimony creates genuine issues of material fact regarding whether Dr. Bourgeois committed any act of negligence or malpractice in his treatment of Plaintiff.

Accordingly;

**IT IS ORDERED** that the **"Motion for Summary Judgment on the Issue of Vicarious Liability"** filed by Defendant, Diamond Offshore Management Company, be and is hereby **DENIED.**

New Orleans, Louisiana, this **30th** day of **November, 2006**.


_____
A.J. McNAMARA
UNITED STATES DISTRICT JUDGE