UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JERRY P. SMITH, JR. | CIVIL ACTION |
| VERSUS | NO. 05-6424 |
| DIAMOND OFFSHORE<br>DRILLING, INC. ET AL. | SECTION "D" (2) |

### ORDER ON MOTION

APPEARANCES:   None (on the briefs)

MOTION:   Motion of William Alden, M.D., to Quash Subpoena, Record Doc. No. 45

O R D E R E D:

 XXX :  GRANTED. This is a marine personal injury case. The subject subpoena was issued by defendant to plaintiff's expert physician seeking "the medical records of all patients that you have seen in the last six months (with the appropriate personal information redacted) wherein said patients complained only of particular back complaints with no radicular symptoms." Record Doc. No. 45 (Exhibit to Motion to Quash)(emphasis added).

   A subpoena duces tecum to a third-party constitutes discovery that is subject to the same parameters governing scope and limitations established in Fed. R. Civ. P. 26 that apply to other discovery. Rice v. United States, 164 F.R.D. 556, 557 (N.D. Okla. 1995); 9A C. Wright, A. Miller, Federal Practice and Procedure § 2452 at 21 (West 1995). In addition, Fed. R. Civ. P. 45(c)(3)(A) provides: "On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it . . . (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or (iv) subjects a person to undue burden."

The objections are sustained and the subpoena is quashed because it is overly broad, unduly burdensome and seeks much that is irrelevant to the claims or defenses asserted in this case. While the requested materials may be relevant to the subject matter of the pending action, a showing of good cause necessary to expand the scope of discovery beyond the claims and defenses of the parties to the subject matter of the case under Fed. R. Civ. P. 26(b)(1) has not been made. While HIPPA does not prohibit the subpoena, it does require that special protective measures be taken by the court and by the producing party in the form of an extensive protective order that would add response expense to the already burdensome and oppressive scope of this subpoena. The burden or expense of the discovery on the non-party expert physician outweighs its likely benefit to the case, weighing the factors of Fed. R. Civ. P. 26(b)(2)(iii), and defendant can obtain what it needs both for its substantive defense and its contemplated Daubert motion by other more convenient, less burdensome means, Fed. R. Civ. P. 26(b)(2)(i), including the report requirements of Fed. R. Civ. P. 26(a)(2), the discovery permitted by Fed. R. Civ. P. 26(a)(4) and reliance by defendant on its own experts, without the burden and expense this subpoena imposes on its recipient and without exposing to discovery the private medical records of numerous patients who are not parties to this lawsuit.

New Orleans, Louisiana, this  21st  day of March, 2007.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE